Andrew Baum (AB-3783)
Kathryn A. Starnella (KS-3883)
DARBY & DARBY P.C.
7 World Trade Center
250 Greenwich Street
New York, New York 10007-0042
Tel: (212) 527-7700
Fax: (212) 527-7701

*Attorneys for Plaintiff*
Country Curtains Mail Order, Inc.

JUL 09 2007

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x

| | |
|---|---|
| COUNTRY CURTAINS MAIL ORDER, INC. | : |
| *Plaintiff*, | : |
| | : Case No.:_____ |
| v. | : ECF Case |
| | : |
| J.C. PENNEY COMPANY, INC. | : |
| *Defendant*. | : |

-----------------------------------------------------x

### COMPLAINT

For its Complaint against J.C. Penney Company, Inc. ("J.C. Penney"), Country Curtains Mail Order, Inc. ("Country Curtains"), by its attorneys, alleges as follows:

### NATURE OF THIS ACTION

1. This is an action for trademark infringement, false designation of origin and unfair competition under the Trademark Act of 1946 ("Lanham Act"), as amended, 15 U.S.C. § 1051 *et seq.*, injury to business reputation or of dilution under New York General Business Law § 360-l, trademark infringement and unfair competition under New York State law, N.Y. GEN. BUS. LAW § 360-k (Consol. 2004), and trademark

infringement and unfair competition arising under the common law of the State of New York, by reason of J.C. Penney's use of Country Curtains' mark COUNTRY CURTAINS.

### Parties and Jurisdiction

2. Country Curtains is a corporation duly organized under the laws of the Commonwealth of Massachusetts, with a principal place of business at 30 Main Street, Stockbridge, Massachusetts 01262-0955.

3. Upon information and belief, J.C. Penney is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024.

4. This is a civil action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and trademark infringement, unfair competition, injury to business reputation or of dilution under New York General Business Law §§ 360-k, 1, and trademark infringement and unfair competition arising under the common law of the State of New York.

5. This Court has jurisdiction over these claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1367 and the theory of supplemental jurisdiction.

6. This Court has personal jurisdiction over J.C. Penney because J.C. Penney is engaged in and solicits substantial business in, and/or derives substantial revenue from, goods sold and/or consumed or services rendered within the State of New York including this District and/or has committed tortious acts within the State of New York including this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## Facts Common to All Counts

### *Country Curtains' Business and its Registered Trademark COUNTRY CURTAINS®*

8. Country Curtains is a private family and employee owned company, founded in 1956, that is primarily engaged in design, manufacture and sale of high quality curtains, curtain accessories, bedding and other home furnishings at a fair and reasonable price.

9. Because of the high quality of Country Curtains' products, its fair and reasonable pricing, and outstanding customer service, Country Curtains has grown substantially over the last half a century. It has a customer base not only throughout the United States, but throughout the world. Country Curtains has opened and maintains retail stores in states up and down the east coast from New Hampshire to Virginia, including New York.

10. For more than ten years, since long prior to the acts of J.C. Penney complained of herein, Country Curtains has also operated and maintained a Web site, located on the Internet at <*www.countrycurtains.com*> (the "Country Curtains Web site"). The Country Curtains Web site has been markedly successful, and a substantial portion of Country Curtains' catalog sales are now Internet-based.

11. As a result of Country Curtains' substantial sales, promotion, and exclusive use of the trademark COUNTRY CURTAINS®, the trade and relevant consuming public have, since long prior to the acts of J.C. Penney complained of herein, come to associate that trademark exclusively with Country Curtains.

12. Country Curtains owns all rights in the trademark COUNTRY CURTAINS®. Country Curtains owns two federal registrations for its trademark: Reg.

No. 1,037,506, covering curtains, and Reg. No. 2,073,434, covering retail store and mail-order services. Each of these registrations is currently valid, subsisting and in full force and effect, and registered on the Principal Register of the United States Patent and Trademark Office. These registrations are incontestable pursuant to 15 U.S.C. § 1065. Copies of the certificates for these registrations are attached hereto as Exhibit A.

13. The registrations for COUNTRY CURTAINS® on the Principal Register constitute *prima facie* evidence of its validity and conclusive evidence of Country Curtains' exclusive right to use that mark in connection with the goods and services named therein.

### J.C. Penney's Unlawful Acts

14. J.C. Penney owns and maintains a Web site at <www.jcpenney.com> (the "J.C. Penney's Web site"), through which it offers for sale and sells various clothing, jewelry, furniture, and home décor items, including without limitation curtains. The goods shown on J.C. Penney's Web site are available for purchase by customers throughout the United States, including New York State.

15. J.C. Penney's Web site includes Web pages that contain repeated mention of "COUNTRY CURTAINS" and embedding "COUNTRY CURTAINS" as metatags in the source code for such Web pages. Examples of J.C. Penney's repeated use of "COUNTRY CURTAINS" on its Web pages and as metatags are attached hereto as Exhibits B and C, respectively.

16. J.C. Penney's repeated use of "COUNTRY CURTAINS" on its Web pages causes Internet search engines, such as Google, which rank Internet search results in the order of relevance, to identify J.C. Penney's Web site as highly relevant

to an Internet search for "Country Curtains". Consequently, J.C. Penney's Web site which promotes J.C. Penney's and third parties' COUNTRY CURTAINS goods, was listed sixth of a possible 144,000 results in a recent Google search. A copy of this Google search result is attached hereto as Exhibit D.

17. Country Curtains has never sold any products to J.C. Penney, and none of the products offered for sale by J.C. Penney emanate from or are licensed by or connected with Country Curtains in any way.

18. J.C. Penney's use of the trademark COUNTRY CURTAINS in connection with the advertising and sale of curtains not emanating from Country Curtains creates a likelihood of confusion, mistake or deception.

19. Upon information and belief, J.C. Penney has willfully undertaken the foregoing acts in bad faith, in order to divert potential customers' attention to J.C. Penney's Web site when they are searching for Country Curtains' Web site and/or to cause consumers to mistakenly believe that J.C. Penney offers for sale and sells Country Curtains' products when J.C. Penney does not.

20. On May 14, 2007, Country Curtains, through its attorneys, sent J.C. Penney a letter concerning its use of "COUNTRY CURTAINS" as a search term on its own Web site, in the Web page header, "Country Curtains, Country Bedding, Country Lamps & Lighting," and in additional Web page text concerning J.C. Penney's product offerings. Country Curtains demanded that J.C. Penney "immediately cease returning any 'hits' for 'country curtains' in the search function of its Web site," "cease using 'country curtains' in any of its programming code on its Web site," and "cease using

'country curtains' in any text on any page in [J.C. Penney's] Web site." A copy of the May 14, 2007 letter is attached hereto as Exhibit E.

21. J.C. Penney never responded to Country Curtains' May 14 letter, and, upon information and belief, J.C. Penney continues to use the COUNTRY CURTAINS mark as complained of above.

22. On June 7, 2007, Country Curtains, through its attorneys, sent a follow-up e-mail to J.C. Penney regarding Country Curtains' May 14 letter. The June 7 e-mail demanded J.C. Penney's response by no later than June 14, 2007. A copy of the e-mail is attached hereto as Exhibit F.

23. J.C. Penney never responded to Country Curtains' June 7 e-mail, and, upon information and belief, J.C. Penney continues to use the COUNTRY CURTAINS mark as complained of above.

24. On June 19, 2007, in a final attempt to amicably resolve the dispute, the Chief Executive Officer of Country Curtains sent a follow-up letter concerning J.C. Penney's use of COUNTRY CURTAINS to the Chairman and Chief Executive Officer of J.C. Penney. A copy of the June 19 letter is attached hereto as Exhibit G. J.C. Penney never responded to this letter.

## COUNT I

**TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT**

25. Plaintiff repeats and alleges each and every allegation set forth in paragraphs 1 through 24 as if fully set forth herein.

26. J.C. Penney has used the registered trademark COUNTRY CURTAINS®, and a colorable imitation thereof, in commerce, in connection with the

sale, offering for sale, distribution, and advertising of its goods in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

27.  J.C. Penney's aforesaid acts and conduct constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28.  Upon information and belief, J.C. Penney's infringing use of the COUNTRY CURTAINS® mark is made with a willful intent to deceive and in intentional disregard of Country Curtains' rights.

29.  By reason of J.C. Penney's aforesaid acts and conduct, Country Curtains has suffered, is suffering, and will continue to suffer irreparable damage, and unless J.C. Penney is enjoined from continuing its wrongful acts, the damage to Country Curtains will increase.

30.  Country Curtains has no adequate remedy at law.

## COUNT II

### FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT

31.  Country Curtains repeats and alleges each and every allegation set forth in paragraphs 1 through 30 as if fully set forth herein.

32.  J.C. Penney's aforesaid acts constitute a false designation of origin and unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

33.  J.C. Penney has used in connection with its goods, in commerce, designations which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of J.C. Penney with Country Curtains, or

as to the origin, sponsorship, or approval of its goods, or commercial activities by Country Curtains.

34. Upon information and belief, the acts of J.C. Penney complained of herein have been done willfully and with intentional disregard of Country Curtains' rights.

35. By reason of J.C. Penney's aforesaid acts, Country Curtains has suffered, is suffering, and will continue to suffer irreparable damage, and unless J.C. Penney is enjoined from continuing its wrongful acts, the damage to Country Curtains will increase.

36. Country Curtains has no adequate remedy at law.

## COUNT III

### LIKELIHOOD OF INJURY TO BUSINESS REPUTATION OR OF DILUTION UNDER NEW YORK GENERAL BUSINESS LAW § 360-l

37. Country Curtains repeats and alleges each and every allegation set forth in paragraphs 1 through 36 as if fully set forth herein.

38. J.C. Penney's aforesaid activities constitute likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name in violation of N.Y. Gen. Bus. Law § 360-l.

39. Upon information and belief, J.C. Penney's acts complained of herein have been done willfully and with intentional disregard of Country Curtains' rights.

40. By reason of the wrongful acts of J.C. Penney alleged herein, Country Curtains has suffered, is suffering, and will continue to suffer irreparable damage, and

unless J.C. Penney is restrained from continuing its wrongful acts, the damage to Country Curtains and the strength of its mark will diminish.

41. Country Curtains has no adequate remedy at law.

## COUNT IV

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

42. Country Curtains repeats and alleges each and every allegation set forth in paragraphs 1 through 41 as if fully set forth herein.

43. J.C. Penney's acts alleged herein constitute infringement of Country Curtains' rights in its trademark COUNTRY CURTAINS and unfair competition under the common law of the State of New York.

44. Upon information and belief, J.C. Penney's acts complained of herein have been done willfully and with intentional disregard of Country Curtains' rights.

45. By reason of the wrongful acts of J.C. Penney alleged herein, Country Curtains has suffered, is suffering, and will continue to suffer irreparable damage, unless J.C. Penney is restrained from continuing its wrongful acts, the damage to Country Curtains will increase.

46. Country Curtains has no adequate remedy at law.

**WHEREFORE**, Country Curtains demands judgment that:

A. J.C. Penney, its officers, agents, servants, employees, parents, subsidiaries, and all related companies and all persons acting for, with, by, through or under it, who receive actual notice of any order or judgment by personal service, electronic mail, or otherwise, and each of them, be permanently enjoined and restrained from:

      i.    using in any manner the COUNTRY CURTAINS trademark, and any other term or terms likely to cause confusion therewith, as search terms on its own Web site, as metatags in the code for its own Web pages, and on its own Web pages, or in connection with the advertising or promotion of goods which do not emanate from, or are not licensed or approved by, Country Curtains;

      ii.    using in any manner the trademark COUNTRY CURTAINS, or any other confusingly similar terms, in connection with J.C. Penney's and/or third parties' goods or services in such a manner that is likely to create the erroneous belief that said goods or services are authorized by, sponsored by, licensed by or are in some way associated with Country Curtains;

      iii.    otherwise engaging in any other acts or conduct which would cause consumers to erroneously believe that J.C. Penney's and/or third parties' goods or services are somehow sponsored by, authorized by, licensed by, or in any other way associated with Country Curtains.

B.    J.C. Penney, within thirty (30) days after the entry of Final Judgment, be required to file with the Court and serve upon Country Curtains a written report under oath setting forth in detail the manner in which J.C. Penney has complied with the foregoing paragraph;

C.    J.C. Penney account for and pay over to Country Curtains profits realized by J.C. Penney by reason of its unlawful acts herein alleged and, that the amount of damages be increased by a sum not exceeding three times the amount thereof as provided by law because J.C. Penney acted knowingly and in bad faith;

D.  J.C. Penney be required to pay punitive damages for its knowing and intentional infringement and unfair competition in wanton disregard of Country Curtains' rights;

E.  J.C. Penney be required to account for and pay over to Country Curtains all damages sustained by Country Curtains by reason of its unlawful acts alleged herein, and that such amounts be trebled, as provided by law;

F.  J.C. Penney be required to pay to Country Curtains all of Country Curtains' costs, disbursements, and attorneys' fees in this action, as provided by law, including 15 U.S.C. § 1117; and

G.  J.C. Penney be awarded any other relief that the Court may deem just and proper.

Dated: July 7, 2007
       New York, New York

Respectfully submitted,

DARBY & DARBY P.C.

By: _____
Andrew Baum (AB-3783)
Kathryn A. Starnella (KS-3883)
7 World Trade Center
250 Greenwich Street
New York, New York 10007-0042
Tel: (212) 527-7700
Fax: (212) 527-7701
abaum@darbylaw.com
kstarnella@darbylaw.com

*Attorneys for Plaintiff*
COUNTRY CURTAINS MAIL ORDER, INC.